[No. 1210.]

WILLIAM THOMPSON, Respondent, *v.* RENO SAVINGS BANK et al., G. W. HUFFAKER, Appellant.

Bank Corporation—Subscription to Stock Payable upon Call—Suit by Creditor to Enforce Payment of.—Where subscriptions to the capital stock of a corporation are payable upon the call of the company, it is not necessary that a creditor of such corporation must, before instituting suit to compel the payment of such subscriptions, make an effort to compel the corporation to make the call.

IDEM—STATUTE OF LIMITATIONS.—Where subscriptions to the capital stock of a corporation are payable upon call, and when no call is made, the obligation is a subsisting one, and the statute of limitations is not available as a defense unless set in motion by some adverse action.
THOMPSON v. RENO SAVINGS BANK, *ante*, 103, AFFIRMED:

APPEAL from the District Court of the Seventh Judicial District, Washoe county.

The facts are sufficiently stated in the opinion.

*William Webster* and *S. D. King*, for Appellant:

I. The law requires the plaintiff in actions of this character to make substantial efforts to obtain corporate action, before he is entitled to proceed himself against both the corporation and its assumed debtor, and thus control the litigation. (*Newby* v. *Oregon C. R. R.*, 1 Saw. 63; *Memphis* v. *Dean*, 8 Wall. 64; *Hawes* v. *Oakland*, 14 Otto, 450; *Huntington* v. *Palmer*, Id. 482; *Dannmeyer* v. *Coleman*, 8 Saw. 51; Pom. Eq. Jur., sec. 1095.) The demand of the Reno Savings Bank against Huffaker was barred at the commencement of this action. No time or credit being extended by the terms of the contract, the whole amount of subscription was then presently due, and the statute commenced to run at the very date of the subscription. (Ang. on Lim., secs. 95–96; 3 Par. on Con. 91; Stat. 1877, 115; Ang. & Am. on Cor., secs. 517–19.)

A contract payable when required is equivalent to one payable when "called for" "on call," "when demanded," and is, in law, a contract payable upon demand. (Dan. on Neg. In., secs. 47, 89; *Goshen* v. *Hurtin*, 9 Johns. 217; *Washington Ins. Co.* v. *Miller*, 26 Vt. 77; *White* v. *Smith*, 77 Ill. 351; 1 Par. on Con. 261; Ang. & Am. on Corp., secs. 517, 518.)

*John F. Alexander*, for Respondent:

I. Suit in equity against directors, to compel assessment or call has been superseded by modern practice, which is directly against stockholders to compel payment of unpaid subscriptions. (Thomp. Liab. Stock., secs. 12, 16, 17, 258; *Jones* v. *Jarman*, 34 Ark. 323; *Harmon* v. *Page*, 62 Cal. 448; *Bartlett* v. *Drew*, 57 N. Y. 587; *Bush* v. *Cartwright*, 7 Or. 329; *In re South Mountain*, 7 Saw. 30; *Hatch* v. *Dana*, 101 U. S. 205; *Holmes* v.

*Sherwood,* 3 McCrary, 405; *Pollard* v. *Bailey,* 20 Wall. 527; *Haskins* v. *Harding,* 2 Dill. 106; *Scoville* v. *Thayer,* 105 U. S. 143.)

II.   Appellant claims that there is no liability because no call was made, and yet that the statute of limitations has barred recovery.   The statute has then run against a liability which never existed.   There was nothing adverse in the positions of defendant and the so-called bank; hence the statute did not run.   (*Payne* v. *Gardiner,* 20 N. Y. 169; *Howell* v. *Adams,* 68 N. Y. 319; *Harmon* v. *Page, supra.*)

By the Court, BELKNAP, C. J.:

This is a suit in equity brought by respondent, a judgment creditor of the Reno Savings Bank, against appellant Huffaker, to recover the amount of his unpaid subscription to the capital stock of the bank.   The suit is based upon facts corresponding in all essential respects with those in *Thompson* v. *Reno Savings Bank, ante,* 103, and the decision in that case, in so far as it is applicable, will be treated as decisive of this one, without further notice.

The first objection which we are asked to consider is that the complaint does not state a case entitling the plaintiff to sue.   It is urged that subscriptions to the capital stock of the corporation are payable upon a call of the company, and that a cred-- itor, to maintain a suit of this nature, must, before instituting it, make an effort to induce the corporation to make the call, and that no proper effort in this behalf has been made.   In support of this view we are referred to a number of cases holding that a stockholder or creditor of a corporation may, under certain circumstances, and to prevent a failure of justice, institute and control a suit in his own name involving the rights of the corporation, if it has refused to take action.   In this class of cases the right of action is primarily in the corporation, and it is entitled to the fruits of the litigation; but the stockholder or creditor is allowed to sue in order to protect the rights or property in which he has an interest.   The principle involved in these cases has no application to cases of the nature of the one at bar, which is of the nature of a creditor's bill, brought by a plaintiff entitled in his own right to the relief which the judgment affords.

Another objection arises upon the order of the district court overruling the defense interposed of the statute of limitations. Appellant's subscription to the stock was made in the month of April, 1876, and it is said that a recovery thereon was barred within four years thereafter. The statutes relating to corporations provide that the by-laws may prescribe the times, manner, and amounts in which payments of subscriptions to the capital stock may be made. If the by-laws make no provision of this nature, and none was made by the by-laws of the bank, the trustees have power to require payment of such installments as they may deem proper. (Comp. L., sec. 3398.) The trustees of the bank, being subscribers to its capital stock, availed themselves of the privilege afforded by the statute, and made no call, except thirty per cent of the amount subscribed at the commencement of business operations. No action has ever been taken by them to recover any portion of the remaining seventy per cent of the subscribed capital. This unpaid amount was a part of the capital of the bank allowed to remain in reserve in the hands of the stockholders, but subject to call when needed. It was a continuing liability of the subscribers, which neither the indulgence of the trustees nor mere lapse of time could defeat. The statute of limitations is not available as a defense, because it has not been set in motion by any adverse action, such as a call by the corporation upon appellant to pay his subscription.

If the insolvency of the corporation set the statute in motion, sufficient time had not elapsed when this suit was commenced to bar a recovery. (*Allibone* v. *Hager*, 46 Pa. St. 48; *Curry* v. *Woodward*, 53 Ala. 371; *Harmon* v. *Page*, 62 Cal. 448; Thomp. Liab. Stock., secs. 290, 291.)

The judgment and order of the district court are affirmed.