[No. 14272. In Bank. — August 10, 1892.]

A. W. POTTER, RESPONDENT, v. PARKER DEAR, APPELLANT.

CORPORATION — UNPAID SUBSCRIPTIONS TO STOCK — CREDITOR'S BILL TO ENFORCE PAYMENT. — A judgment creditor who has exhausted his legal remedies against a corporation may maintain a creditor's bill against one or more stockholders to recover the amount due to the corporation upon unpaid subscriptions to its stock.

ID. — PARTIES TO CREDITOR'S BILL — NON-JOINDER OF CORPORATION — PLEADING — WAIVER OF OBJECTION. — The corporation should be made a party to a creditor's bill against subscribing stockholders, but is not an indispensable party, unless the object of the action is to secure an adjudication of the rights and liabilities of all the parties, and a final settlement of all the affairs of the company; and when the action is against a single stockholder, objection to the non-joinder of the corporation is waived, if not made by demurrer or answer.

ID. — JURISDICTION OF EQUITY — LEGAL REMEDY AGAINST STOCKHOLDERS — INSOLVENCY OF STOCKHOLDERS NOT JOINED. — A court of equity will entertain jurisdiction over an action by a judgment creditor who has exhausted his legal remedies against the corporation to compel payment of unpaid subscriptions to its stock, without regard to the exhaustion of any concurrent legal remedy against the stockholders upon their individual liability, and without regard to the insolvency of subscribing stockholders not joined as defendants.

ID. — LAND AND IMPROVEMENT COMPANY — SUBSCRIBED CAPITAL STOCK. — A land and improvement company, organized for the purpose of acquiring real property, by purchase or otherwise, buying and selling the same, building hotels, street-railroads, and otherwise developing lands, stands upon the same basis as banking, railroad, insurance, and like commercial corporations having a *subscribed* capital stock.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The action was brought by the respondent as a judgment creditor of the Santa Rosa Land and Improvement Company, to compel a payment of an unpaid subscription of the appellant to its capital stock. Other facts are stated in the opinion of the court.

J. E. Deakin, and A. Brunson, for Appellant.

A. E. Cochran, and Byron Waters, for Respondent.

PATERSON, J. — Many of the questions discussed by

counsel were considered in *Baines* v. *Babcock, post,* p. 583, this day filed, and upon the authority of that case must be determined adversely to the contentions of appellant herein.

In this case the corporation was not made a party. No objection on the ground of non-joinder of the corporation as a party defendant was made in the court below by demurrer or by answer. The defect was therefore waived. (Code Civ. Proc., sec. 434.) Doubtless the corporation should always be made a party to the suit; but it is not an indispensable party, unless the object of the action is to secure an adjudication of the rights and liabilities of all the parties, and a final settlement of the affairs of the company. When the purpose of a suit is to compel payment of a debt out of the unpaid subscription of a single stockholder, the corporation if not made a party cannot be prejudiced by a judgment against the stockholder, and if he sees fit to go to trial and judgment without objecting to the non-joinder of the corporation, he will not thereafter be heard to complain. It is not claimed in this case, as it was in *Baines* v. *Babcock,* that all the stockholders were necessary parties defendant.

It is contended by appellant that the Santa Rosa Land and Improvement Company is similar in its nature to the South Mountain Consolidated Mining Company, the mining corporation considered by Judge Sawyer in 8 Saw. 366. It is a sufficient answer to this contention to state the purposes for which the corporation under consideration was organized, viz., "for the purpose of acquiring real property by purchase or otherwise in the county of San Diego, state of California, buying and selling the same, building hotels, street-railroads, and otherwise developing lands." It stands upon the same basis as the "banking, railroad, insurance, and like commercial corporations having a *subscribed* capital stock," referred to by Judge Sawyer.

It is claimed that there is another distinction between this case and the case of *Baines* v. *Babcock.* It is said

that the complaint in the latter case showed that some
of the stockholders of the corporation were either insol-
vent or absent from the state, and that no such claim is
made in this case; that there is no necessity shown,
therefore, for invoking the powers of a court of equity,
plaintiff having a complete and adequate legal remedy
under section 322 of the Civil Code; that the decisions
cited by respondent " were all rendered at places or in
times when there was no legal remedy available to the
creditor except one against the *corporation itself*"; and
that there is no authority for holding that " an equitable
remedy can be pursued by a creditor before he has ex-
hausted his legal remedies, both against the corporation
and the stockholders," unless by reason of the insolvency
or absence from the state of some of the stockholders, as
in the case of *Baines* v. *Babcock*, the legal remedy af-
forded by the statute would not be adequate.

We do not think there is any materiality in the dis-
tinction pointed out, or any merit in the contention
made thereon.   It is true, in *Baines* v. *Babcock* the
complaint alleged that some of the stockholders were
" non-residents or insolvent persons," which allegation
was denied, but the court treated the issue as an imma-
terial one, and found that the stockholders referred to
were not necessary parties to the action, and this view
was sustained here.   In Morawetz on Private Corpora-
tions, it is said that a judgment creditor, after the return
of his execution *nulla bona*, may maintain an action " to
compel the share-holders to contribute so much of the
capital subscribed by them as will be sufficient to satisfy
the claims of the plaintiff and other creditors who may
come in for payment.   Such a proceeding may be main-
tained, although the creditors have a statutory right to
proceed against the share-holders directly at law." (Sec.
866.)   The error of the appellant arises from his failure
to consider the unpaid subscriptions as a corporate as-
set, which a creditor has the undoubted right in equity
to follow wherever the same may be found, when his
remedy at law against the corporation has been ex-

hausted.    The corporation and the stockholder are as distinct and separate debtors with different undertakings as if they had never had any business relations with each other, and we know of no rule which requires a creditor to exhaust his legal remedies against all his debtors before he can, in equity, pursue the assets of one of them against whom he has exhausted his legal remedy.    Mr. Thompson, in his chapter on "The Forum: Law or Equity," says: "The elemental rule of equity jurisprudence that a court of this character will deny its aid to a suitor who has an adequate remedy at law, except in cases of concurrent jurisdiction, applies to this subject only so far as that these courts withhold their aid to a judgment creditor of a corporation in respect to the liabilities of share-holders, when there are legal assets of the corporation within reach of his execution. The general rule is, that although a creditor has a concurrent remedy against a share-holder at law, this does not oust the jurisdiction of the courts of equity." (Thompson on Stockholders, sec. 265.)

Judgment and order affirmed.

DE HAVEN, J., SHARPSTEIN, J., and McFARLAND, J. concurred.

HARRISON, J., dissented.