[L. A. No. 2297.   Department One.—June 28, 1909.]

C. B. DAGGETT, Appellant, v. SOUTHWEST PACKING COMPANY (a Corporation), et al., Respondents.

CORPORATIONS—LIABILITY OF STOCKHOLDERS TO JUDGMENT CREDITOR ON UNPAID SUBSCRIPTIONS—CALL OR DEMAND ON DIRECTORS UNNECESSARY.—A judgment creditor of a corporation may maintain an action against the corporation and its stockholders, in the nature of a

creditor's bill, to compel the payment and application upon the plaintiff's judgment of so much of the amount due from the stockholders to the corporation upon unpaid subscriptions as may be necessary to satisfy the judgment and costs, although no call or assessment had been made by the corporation upon the unpaid subscriptions, and no demand had been made by the judgment creditor upon the directors of the corporation to make such call or assessment.

ID.—CALL NECESSARY TO ACTION BY CORPORATION.—Where a solvent corporation finds it necessary in the course of its business to call in an additional amount of its subscribed capital stock, and the subscription agreements do not state when, in what amounts, and upon what conditions it is to be paid, the statute, being the measure of the corporate rights in that regard, must be followed, and a call is a necessary condition to the existence of a cause of action by the corporation to recover upon such subscriptions. But this rule has no application to a proceeding in equity by a judgment creditor to subject the unpaid subscriptions due to the corporation to the satisfaction of the judgment.

ID.—LIABILITY OF STOCKHOLDERS OF FOREIGN CORPORATION.—An action may be maintained in this state against the stockholders of a corporation organized under the laws of another state, by a judgment creditor of the corporation, to subject their unpaid subscriptions to the satisfaction of his judgment, where the evidence fails to show the laws of such other state affecting their liability. The presumption is that the laws of such state are similar to the laws of this state.

ID.—CALL IN SUIT BY CREDITOR.—Conceding that an assessment or call of some character is a proceeding which the stockholders may insist upon, the only effect would be that the court in equity, after it had obtained jurisdiction of the stockholders, would have authority to make whatever call the law should require in that behalf, and it could thereupon order them to pay into court such amount as it should find necessary to satisfy the demands of the complainants. This order would be a sufficient call to satisfy all that is required by the law in this particular.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Cassius Carter, for Appellant.

Stearns & Sweet, and H. E. Doolittle, for Respondents.

SHAW, J.—This is an action by a judgment creditor of the corporation defendant, against the corporation and a number of its stockholders, in the nature of a creditor's bill

to compel the payment and application upon the plaintiff's judgment of so much of the amounts due from the stockholders to the corporation upon unpaid subscriptions to stock as may be necessary to satisfy the judgment and costs.

Demurrers of the defendants to the complaint were sustained, the plaintiff refused to amend, and judgment was then given dismissing the action. From this judgment plaintiff appeals.

The only point presented upon the argument is that the complaint does not aver that there has been any call or assessment upon the alleged unpaid subscriptions for stock, nor that there has been any request or demand upon the directors of the corporation to make such call or assessment. It is claimed by the respondents, and it is said that it was held by the court below, that such call or assessment or a demand therefore upon the directors and a refusal by them, is a necessary condition precedent to the right of a judgment creditor to maintain an action of this character and that the complaint is not sufficient unless it shows that this condition has been complied with.

We do not so understand the law. Where a solvent corporation finds it necessary in the course of its business to call in an additional amount of its subscribed capital stock, and the subscription agreements do not state when, in what amounts, and upon what conditions, it is to be paid, the statute being the measure of the corporate rights in that regard, it is no doubt true that the statute must be followed and that a call is a necessary condition to the existence of a cause of action by the corporation to recover upon such subscriptions. But this rule has no application to a proceeding in equity by a judgment creditor to subject the unpaid subscriptions due to the corporation to the satisfaction of the judgment. The rule applicable to such cases is thus stated in a note to the case of *Thompson* v. *Reno Savings Bank,* 19 Nev. 103, [3 Am. St. Rep. 811, 7 Pac. 68]: "While it is essential to the recovery by the corporation itself against the stockholders upon their contracts of subscription that the money should be due and payable, either because the contracts themselves have definitely fixed the times of payment, or because calls had been made by the governing body of the corporation, no such condition is imposed upon the creditors with regard to their

right to proceed in equity against the stockholders. No previous call need be shown by the creditors, nor need they show that they have endeavored to induce the corporation to make a call as a prerequisite to a suit in equity to compel stockholders to pay their unpaid subscriptions." In 2 Morawetz on Corporations, sec. 821, it is said that while it is true that subscriptions to stock are usually understood to be payable only when calls therefor are made by the corporate authorities and that "until this assessment or call has been made, the corporation cannot compel them to pay," nevertheless the rule is that "conditions of this character do not enter into the equitable obligation assumed by the shareholder towards creditors, to contribute the company's capital as a fund for their security. In equity, therefore, the shareholders of an insolvent corporation are held to be unconditionally liable to its creditors to contribute the amount of capital stock subscribed by them, although their subscriptions were conditional, as between themselves and the company, upon a regular call or assessment by the board of directors." The right of a creditor to maintain an action of this character is settled in this state by the decision in *Baines* v. *Babcock*, 95 Cal. 589, [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776]. See, also, *Potter* v. *Gear*, 95 Cal. 579, [30 Pac. 777]; *Welch* v. *Sargent*, 127 Cal. 84, [59 Pac. 319]; *Walter* v. *Merced*, 126 Cal. 586, [59 Pac. 136]. The following decisions sustain the doctrine of the note in the American State Reports and of Morawetz: *Marsh* v. *Burroughs*, 1 Woods, 468, [Fed. Cas. 9112]; *Holmes* v. *Sherwood*, 3 McCrary, 409, [16 Fed. Cas. 725]; *Crawford* v. *Rohrer*, 59 Md. 65; *Thompson* v. *Reno Savings Bank*, 19 Nev. 171, [3 Am. St. Rep. 881, 7 Pac. 870], s. c. 19 Nev. 442, [3 Am. St. Rep. 883, [9 Pac. 121]; *Sanger* v. *Upton*, 91 U. S. 60; *Dana* v. *Hatch*, 101 U. S. 214. The fact that the Southwest Packing Company is an Arizona corporation is immaterial. The laws of Arizona on the subject are not shown and the presumption is that they are not different from those of this state.

It is said that the court below in giving its decision relied upon the discussion of this subject by Justice Smith of the district court of appeal of the second district in the case of *Turner* v. *Fidelity Loan Concern*, 2 Cal. App. 136, [83 Pac. 62, 70]. So far as that case refers to this subject it was not a decision of the court. Allen, J., concurred in the opinion.

Presiding Justice Gray concurred specially and withheld his approval from the portion here referred to. In denying a petition for a rehearing in this court in that case, this court took occasion to say that the portions of the opinion of Justice Smith which are here relied on did not constitute the law of the case. Two justices of that court cannot render a judgment. In so far as that opinion appears to sanction the doctrine that an action of this character cannot be maintained until after a demand has been made upon the directors that they should levy an assessment and the refusal by them to do so, it must be disregarded.

It may be observed further, however, that in all such cases, even if we concede that an assessment or call of some character is a proceeding which the stockholders may insist upon, the only effect of this concession would be that the court in equity, after it had obtained jurisdiction of the defendants, would have authority to make whatever call the law should require in that behalf, and it could thereupon order the respective stockholders to pay into court such amount as it should find necessary to satisfy the demands of the complainants. This order would be a sufficient call to satisfy all that is required by the law in this particular.

The decision in *Union Savings Bank* v. *Leiter,* 145 Cal. 702, [79 Pac. 441], to the effect that a cause of action does not arise upon a stock subscription liability until after a call has been made, and that the statute of limitations does not begin to run until there has been such call, has no application to the case. That was an action by the corporation itself to recover upon a call or assessment, and it was the statutory rights of the corporation which were under consideration, not the rights of creditors in a suit in equity to subject the assets of the corporation to their claim by way of a creditor's bill. This applies to the other cases cited by the respondents to the same effect as the Leiter case. They do not in any respect affect the doctrine that a creditor may pursue his remedy in a court of equity without first attempting to induce the corporation to issue and enforce assessments.

The judgment is reversed.

Sloss, J., and Angellotti, J., concurred.