[L. A. No. 5302.   Department Two.—December 23, 1919.]

## CHARLES ·R. MᴄCARTY, Respondent, v. JOHN F. MORE, Appellant.

[1] Cᴏʀᴘᴏʀᴀᴛɪᴏɴs—Aᴄᴛɪᴏɴ Aɢᴀɪɴsᴛ Sᴛᴏᴄᴋʜᴏʟᴅᴇʀ—Aᴘᴘʟɪᴄᴀᴛɪᴏɴ ᴏғ Uɴ-
PAID SUBSCRIPTION TO JUDGMENT AGAINST CORPORATION—JUDGMENT
IN PREVIOUS ACTION NOT A BAR.—Where in an action by the as-
signee of various creditors of a corporation, judgment was recovered
against the corporation and also against a stockholder for the ap-
parent amount of his statutory liability, and thereafter the judg-
ment was vacated against the stockholder, and, after trial of the
action, judgment was entered in his favor, it cannot be said, in a
subsequent action against the stockholder to subject the unpaid
portion of his subscription toward the satisfaction of the judg-
ment, that the former judgment in his favor is a bar, where, so
far as appears from the record, the judgment may have been based
solely upon the failure to establish the statutory liability, and may
have been determined on issues wholly irrelevant and immaterial
to the second action.

[2] Iᴅ.—Dᴜᴇ Iɴᴄᴏʀᴘᴏʀᴀᴛɪᴏɴ ᴏғ Dᴇғᴇɴᴅᴀɴᴛ—Fɪɴᴅɪɴɢ—Eғғᴇᴄᴛ ᴏғ
STIPULATION.—In an action to subject the unpaid portion of a
stockholder's subscription toward the satisfaction of a judgment
against a corporation formed under the laws of Nevada, where
plaintiff failed to plead or prove the laws of that state, it cannot
be claimed that a finding of due incorporation is unsupported and
that there was no foundation for the admission in evidence of the
articles of incorporation, where a copy of such laws was submitted
to the judge following the submission of the case, and it was
stipulated that the document submitted contained a full and cor-
rect copy of the laws of such state relative to the facts necessary
to be set forth in articles of incorporation of corporations organized
under such laws.

[3] Iᴅ.—Oᴡɴᴇʀsʜɪᴘ ᴏғ Sᴛᴏᴄᴋ—Nᴀᴍᴇ ᴏɴ Bᴏᴏᴋs.—One who appears
on the books of a corporation as owner of shares is the legal owner,
and liable, as such, to creditors of the corporation, notwithstanding
he has surrendered the stock for cancellation.

[4] Iᴅ.—Pʟᴇᴀᴅɪɴɢ ᴀɴᴅ Eᴠɪᴅᴇɴᴄᴇ—Dᴇᴍᴀɴᴅ Uᴘᴏɴ Dɪʀᴇᴄᴛᴏʀs ᴛᴏ Lᴇᴠʏ
ASSESSMENT UNNECESSARY.—In an action to subject the unpaid
portion of a stockholder's subscription toward the satisfaction of
a judgment against the corporation, it is not necessary before suit
to allege and prove a demand on the directors of the corporation to
levy an assessment to meet the obligation on the judgment.

[5] Iᴅ.—Iɴᴄᴏʀᴘᴏʀᴀᴛɪᴏɴ Uɴᴅᴇʀ Lᴀᴡs ᴏғ Nᴇᴠᴀᴅᴀ—Cᴏᴍᴍᴇɴᴄᴇᴍᴇɴᴛ ᴏғ
BUSINESS UPON SUBSCRIPTION OF ONE THOUSAND DOLLARS—RIGHT
TO LEVY ASSESSMENTS.—The provision in the laws of Nevada

relating to the incorporation of corporations that authorizes a corporation formed thereunder to commence business when one thousand dollars of the capital stock is subscribed if the corporators express an election to do so in the articles of incorporation, is tantamount to an authorization to levy assessments on unpaid subscriptions when one thousand dollars of the capital stock is subscribed and it is the will of the corporators that business be then undertaken.

[6] ID.—CONSTRUCTION OF ARTICLES—TIME OF COMMENCING BUSINESS. Where the articles of incorporation of a corporation incorporated under the laws of Nevada, state facts and figures raising an irresistible inference of intent to commence business when one thousand dollars of the capital stock is subscribed, there is at least a substantial compliance with the requirement of the statute that the articles should set forth the amount of subscribed capital stock with which the corporation is to commence business, and the liability of stockholders commences from the time of such subscription.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. G. Griffith for Appellant.

Earl Curtis Peck for Respondent.

LENNON, J.—This is an appeal from a judgment for the plaintiff. The original defendant herein, John F. More, has died during the pendency of the appeal, and John F. More, the administrator of the estate of the deceased, has been substituted in his place.

On May 13, 1915, plaintiff, as assignee of various creditors of the Black Hawk Mining Company of New Mexico, recovered judgment against the corporation in the sum of $2,115.59. In the same action judgment was recovered against the deceased in the sum of $374.45, this sum apparently having been considered as the amount of the statutory liability of the deceased as a stockholder in the corporation. An order was made vacating the judgment against More, and, after a trial of the action, judgment was entered in his favor. In the meantime, execution had been issued against the corporation and had been returned unsatisfied. Plaintiff thereupon instituted the

present action against More wherein he sought to recover on the theory that the unpaid portion of More's subscription to the capital stock of the corporation was an asset which could be reached by him to satisfy the debt evidenced by the judgment against the corporation.

[1] We cannot say that the judgment in favor of More in the action instituted by the plaintiff against the corporation and More is a bar to the present action. So far as appears from the record herein, that judgment may have been based solely upon plaintiff's failure to establish More's *statutory* liability, and may, therefore, have been determined altogether upon issues wholly irrelevant and immaterial in the present proceeding. In such case the doctrine of *res judicata* would obviously have no application.

[2] It is claimed that, by reason of plaintiff's failure to plead or prove the laws of the state of Nevada pursuant to which the corporation was formed, the finding of the due incorporation of the Black Hawk Mining Company of New Mexico is unsupported by the evidence, and that there was no foundation for the admission in evidence of the articles of incorporation of said company. It appears from the record, however, that a copy of the laws of Nevada was submitted to the trial judge following the submission of the case, it being stipulated that the document submitted contained a full and correct copy of the laws of the state of Nevada, relative to the facts necessary to be set forth in the articles of incorporation of corporations organized under the laws of said state. The fair intendment of this stipulation was, we think, that the said copy of the laws of the state of Nevada should be considered as in evidence in the case.

Appellant also contends that the evidence does not support the finding that More was at all times since the twentieth day of March, 1913, a subscriber to and the owner of 8,750 shares of the stock of the corporation. In this behalf reliance is placed upon testimony to the effect that before May 13, 1915, More had surrendered his stock for cancellation. It appears, however, that More appeared on the books of the corporation as owner of 8,750 shares of stock from March, 1913, down to the date of the trial. [3] During this time he continued, of course, to be the legal owner

of the shares, and was liable as such to the creditors of the corporation.

[4] It is insisted that plaintiff should have pleaded and proved a demand on the directors of the corporation to levy an assessment to meet the obligation on the judgment. It is well settled that such a demand is not necessary. (*Daggett* v. *Southwest Packing Co.,* 155 Cal. 762, 764, [103 Pac. 204].)

Defendant finally contends that plaintiff should have alleged and proved that at least one-fourth of the stock of the corporation had been subscribed, such subscription being, so it is urged, a condition precedent to the liability of a stockholder to pay for his stock. Conceding, without undertaking to decide the point, that such might be the rule in the case of a California corporation, and that if the obligation of a stockholder in this behalf were to be tested by the common law it should appear that all of the stock had been subscribed in order to show a liability on his part to make payments on his contract of subscription, nevertheless the fact remains that the obligation of More in the instant case was fixed by the Nevada law, and that that law authorizes a corporation formed thereunder to commence business when one thousand dollars of the capital stock is subscribed if the corporators express an election to do so in the articles of incorporation. [5] This provision is tantamount to an authorization to levy assessments on unpaid subscriptions when one thousand dollars of the capital stock is subscribed and it is the will of the corporators that business be then undertaken. Authority to do business implies authority to contract debts, and authority to contract debts implies authority to make calls to satisfy them. Plaintiff alleged and proved that much more than one thousand dollars of the capital stock had been subscribed, and, while the articles of incorporation do not contain an express statement of intent on the part of the corporators to commence to do business with one thousand dollars of subscribed capital stock, that such was in fact their intent is an irresistible inference from the facts and figures set forth by them. [6] Taken as a whole the articles of incorporation evidence an unquestionable intent to embark at once upon the business contemplated by the corporators, while from the 5th paragraph of the articles it appears that one

thousand dollars of the capital stock had been subscribed. This unmistakable expression of intent to commence business with one thousand dollars of subscribed capital stock was at least a substantial compliance with the requirement of the statute that the articles of incorporation should set forth the amount of subscribed capital stock with which the corporation was to commence business. It follows that from the very moment of its existence the corporation was authorized under the Nevada law to do business and contract debts and the stockholders were liable to respond to calls to satisfy those debts. Plaintiff has, therefore, sufficiently established More's liability to make payments upon the unpaid portion of his subscription to the stock of the company to meet the claims of its creditors.

The judgment is affirmed.

Wilbur, J., and Kerrigan, J., *pro tem.,* concurred.