[Civ. No. 1058. Fourth Appellate District.—November 15, 1933.]

GEO. L. FLAGG, Trustee, etc., Appellant, v. HARRISON G. SLOANE et al., Respondents.

Ed. P. Sample and William H. Wylie for Appellant.

Harrison G. Sloane and Hamilton, Lindley & Higgins for Respondents.

MARKS, J.—This is an action to recover the unpaid portion of the purchase price of stock in the California Land Buyers Syndicate, a bankrupt corporation. Judgment was rendered for respondents and this appeal followed. It is taken on the judgment-roll, which is practically incorporated in appellant's opening brief. Respondent Sloane has moved to dismiss the appeal or affirm the judgment as to him because it appears that as to him the questions presented "are so unsubstantial as not to need further argument" (sec. 3, Rule V of the Rules for the Supreme Court and District Courts of Appeal), and that the appeal is frivolous and for delay.

It appears from the findings that R. L. Stewart promoted the organization and incorporation of California Land Buyers Syndicate, which was incorporated June 11, 1926. On June 2, 1926, Stewart and Sloane entered into a written contract whereby the latter was employed as the legal adviser of the former with his compensation to be paid in shares of the common stock of the corporation which the two would make an "effort" to have issued to Stewart for one dollar per share. The commissioner of corporations issued an amended permit authorizing such purchase by Stewart and providing that the stock should be placed in escrow and not sold, offered for sale, agreed to be sold or otherwise transferred or conveyed until his further order. Stewart purchased 5531 shares of this stock, which was placed in escrow. None of it was transferred to Sloane nor could it have been, as the commissioner of corporations gave no permit for such conveyance. (*First Nat. Bank* v. *Thompson*, 212 Cal. 388 [298 Pac. 808].) Sloane never ap-

peared upon the books of the corporation as the owner of any of its stock.

■ The rule prevailing in California governing the liability for an unpaid portion of the purchase price of stock in cases of this kind where fraud, agency or an express trust or other special circumstances are not involved, is that only the record owner of the stock may be compelled to pay the deficit in the purchase price. ■ A "purchaser does not become personally liable to the corporation for subsequent calls until he has his transfer entered on the corporate books, or in some other manner comes into privity with the corporation as a stockholder". (*Geary St. etc. Co.* v. *Bradbury Estate Co.*, 179 Cal. 46 [175 Pac. 457]; *Baines* v. *Babcock*, 95 Cal. 581 [27 Pac. 674, 30 Pac. 776, 29 Am. St. Rep. 158]; *People's Home Savings Bank* v. *Rickard*, 139 Cal. 285 [73 Pac. 858]; *People's Home Savings Bank* v. *Stadtmuller*, 150 Cal. 106 [88 Pac. 280]; *Perkins* v. *Cowles*, 157 Cal. 625 [108 Pac. 711, 137 Am. St. Rep. 158, 30 L. R. A. (N. S.) 283]; *McCarty* v. *More*, 181 Cal. 738 [186 Pac. 140].)

■ Appellant as his sole ground of a reversal of the judgment against Sloane maintains that the trial court's finding to the effect that this respondent was employed only as attorney for Stewart and the two were not joint adventurers is directly in conflict with the terms of a written contract between them and is therefore contrary to the evidence. There are two answers to this argument. First, a contract is to be interpreted according to the law in force at the time of its execution which the courts must regard as a part of its terms. (6 Cal. Jur. 310, sec. 186.) The Corporate Securities Act was in effect at the time of the execution of the contract, which was prior to the organization of the corporation. No stock could be issued by the prospective corporation or title given to any person except as permitted by the commissioner of corporations. The amended permit incorporated in the findings clearly prohibited any attempt on the part of Stewart to give to any other person any interest in any of the stock in question. Under the terms of this permit Sloane could not acquire any interest in this stock without consent of the commissioner of corporations, which was never given. ■ Second, the appeal is on the judgment-roll and we are required to

presume that evidence sufficient to sustain the findings was introduced in the trial court. If it were necessary we would have to assume that another written contract was executed between the two men which sustained the conclusion that Sloane and Stewart were not joint adventurers; that Sloane was neither the owner nor had any interest in the stock in question; that he acted in the matter solely as the attorney of Stewart; that his fee might be paid out of the stock in question if and when such a transaction was approved by the commissioner of corporations or the stock released from escrow, if ever, but not before such time.

■ The record supports the theory that Sloane had no ownership in the escrowed stock. This being so no recovery could be had against him for any part of its purchase price and the questions on which the decision of the cause depends, in so far as he is concerned, are so unsubstantial as not to need further argument.

The judgment in favor of respondent Harrison G. Sloane is affirmed. His motion to dismiss the appeal is denied.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1934.