# COMSTOCK QUICKSILVER MINING COMPANY *v.* SUPERIOR COURT OF SANTA CRUZ COUNTY.

SUPERIOR JUDGE—JURISDICTION—FINDINGS.—An action was tried and submitted before the Superior Court of a county. Afterwards the judge who presided at the trial went to another county, and while there prepared and signed the findings and decision, and sent them to the clerk, who filed them and entered judgment. *Held,* that the proceedings were not void for want of jurisdiction.

FINDINGS—PRACTICE.—It is not the signing but the filing of the findings that determines the action.

APPLICATION for the writ of certiorari.

*J. A. Barham,* and *A. S. Kittredge,* for Plaintiffs.

*W. D. Story,* for Defendant.

SHARPSTEIN, J.:

The material facts in this case may be briefly stated as follows : The Judge of the Superior Court of Santa Cruz County, being disqualified to try an action then pending in said Court, wherein the above-mentioned petitioner was defendant, got the Judge of Monterey County to sit in said Superior Court of Santa Cruz County for the purpose of hearing and determining said action. The latter sat and heard the cause in the Superior Court of Santa Cruz County, and after the same was tried and submitted, took it under advisement. He then returned to his own county of Monterey, and there prepared and signed findings of fact and conclusions of law, and ordered judgment to be entered thereon against the petitioner. Said findings and order were transmitted to the Clerk of the Superior Court of Santa Cruz County, who duly filed them and entered judgment accordingly. These proceedings are brought here upon a writ of *certiorari,* and this Court is asked to annul the judgment, on the ground that the judge who signed the findings and ordered the judgment to be entered did so at Monterey instead of Santa Cruz County, which renders the proceedings void for want of jurisdiction.

The jurisdiction of the Court to hear and determine the case is not doubted, but it is claimed that the hearing and deter-

mination should have been in the county in which the action was pending. This may and must be conceded, we think, but the cause was not determined until the findings and order for judgment were filed with the Clerk of the Superior Court of Santa Cruz County. It was not the signing but filing of the findings and order for judgment that determined the action. We are quite confident that there is no law that requires a judge to deliberate upon a case or to prepare his findings and order for judgment in the county in which the cause is pending. If there is not, it follows that the proceedings of the Court below should be affirmed.

Proceedings affirmed and writ dismissed.

THORNTON, J., and MYRICK, J., concurred.