[Sac. No. 559.    Department Two.—November 8, 1899.]

DORETH WALTER, Respondent, v. MERCED ACADEMY ASSOCIATION, Defendant.    CHARLES HARRIS et al., Appellants.

CORPORATION—LIABILITY OF STOCKHOLDER—TERMS OF SUBSCRIPTION.—A subscriber to the stock of a corporation proposed to be formed, who, after its formation, partially paid for the stock therein, and received, and for upward of six years retained, the certificates evidencing the same, becomes a stockholder in the corporation, and cannot escape from liability as such on the ground that the purposes of the corporation, as named in its articles of incorporation, differed from those stated in the subscription agreement.

ID.—WHEN LIABILITY ATTACHES.—Under section 331 of the Civil Code, stockholders become liable for the debts of the corporation when one-fourth of the capital stock is subscribed.

ID.—JUDGMENT CREDITOR—LIABILITY FOR UNPAID SUBSCRIPTION.—A stockholder of a corporation is personally liable to a judgment creditor of the corporation for the amount of his unpaid subscription; and such creditor's right to recover such amount does not depend upon, nor is it limited in any way by, the other debts of the corporation. In an action to enforce such liability, it is not necessary that all the stockholders should be made parties defendant.

PRACTICE—TRIAL BY JUDGE OF ANOTHER COUNTY—JUDGMENT AND DECISION. Where an action is tried in the county in which the action is brought, before a judge of the superior court of another county, it is not an irregularity for the trial judge to make and sign the decision and decree in the county of his residence. Until the same were filed by the clerk in the county in which the action was tried they were not in force.

APPEAL from a judgment of the Superior Court of Merced County and from an order refusing a new trial. W. O. Minor, Judge.

The action was tried in the county of Merced before the judge of the superior court of Stanislaus county, who sat therein at the request of the judge of the superior court of Merced county and by stipulation of the parties. The decision and decree herein were signed by the trial judge in Stanislaus county, and were forwarded by him to the clerk of the superior court of Merced county, who filed and entered them. Further facts are stated in the opinion of the court.

J. W. Knox, and T. C. Law, for Appellants.

James F. Peck, for Respondent.

THE COURT.—Heretofore the plaintiff had recovered judgment against the defendant corporation in a foreclosure suit, and, after sale of the premises involved, a deficiency judgment was duly docketed against said corporation for five thousand five hundred and eighty-seven dollars and twenty-five cents. Plaintiff prosecuted this action against the appellants to ascertain the amount due from each of them on said deficiency judgment as owners and holders of the stock of the said defendant corporation, and to obtain judgment and execution for the amount of her claim against each of them, not to exceed the amount that should be found due on their several subscriptions to the said stock of said corporation. The case was tried without a jury, and from a judgment for plaintiff and an order denying a new trial the defendant stockholders above named appeal.

It appears from the pleadings and evidence that the Merced Academy Association was incorporated in 1890, with a capital stock of twenty-five thousand dollars, divided into two hundred and fifty shares of the par value of one hundred dollars each. Its purposes, as stated in its articles of incorporation, were "to buy or acquire the Merced academy property . . . . situated in the city of Merced . . . . together with the academy building and furniture and improvements connected therewith; and to own, use, improve, mortgage, lease, sell, and deal with said

property, and to borrow money thereon and to carry on a school
or boarding-house, or to lease the same for said purpose or any
other purpose." All the appellants were named in the articles
as stockholders, and Applegate, Lyons, Simonson, Law, and
Landrum were mentioned as directors for the first year, and to
the articles these five persons mentioned subscribed their names
and duly acknowledged the execution of the same. Some time
prior to incorporation the appellants had signed a subscrip-
tion agreement in which the objects of the proposed corpora-
tion were stated as follows: "To acquire the Merced academy
property by purchase or otherwise and conduct thereon a school,
or to use the said property for such other purpose or purposes
as the stockholders of said corporation may determine." Soon
after incorporation certificates of stock were issued, and each
of the appellants, excepting those who signed the articles, re-
ceived one of these certificates representing a stated number
of shares and signed a receipt therefor, which receipt, after
describing the certificate delivered, contained the following lan-
guage: "Received the above certificate subject to the articles
of incorporation and by-laws of the company." The appellants
retained these certificates in their possession from 1890, when
they received them, down to the time of the trial of this ac-
tion in 1897, holding themselves in readiness, as it is admitted,
to share in the dividends of the concern should any accrue.
Appellants seek to avoid liability as stockholders and contend
that they are not stockholders in fact for the reason of variance
in the purposes of incorporation as set forth in the subscrip-
tion agreement and as declared in the articles of incorporation,
and to sustain this position they cite *Marysville Electric Light
etc. Co. v. Johnson*, 109 Cal. 193, 50 Am. St. Rep. 34, and many
other cases. In none of these cases was the action against the
defendant as an owner of shares or as an owner of stock in the
corporation, but most of them are similar to the Marysville
Electric Light case, *supra*, and are based solely on the original
subscription agreement, the defendants refusing to accept or
pay for the stock of the corporation. In the case at bar, how-
ever, the complaint sets out, and the evidence shows, that ap-
pellants were at all the times mentioned in the complaint and
still are the owners of shares in the corporation. To become

the owners of shares and the holders of original certificates of
the first issue it was not necessary that appellants should have
subscribed to any subscription agreement at all. "It would be
a mockery of justice to permit such an objection to prevail."
(*Sanger v. Upton*, 91 U. S. 56.) "Merely accepting and holding
a certificate of stock is sufficient to constitute one a share-
holder." (Cook on Stock and Stockholders, sec. 52; *Upton v.
Tribilcock*, 91 U. S. 45.) It becomes unnecessary to determine
whether there was a material variance between the subscrip-
tion agreement and the articles as to the purposes of the cor-
poration, because we may admit that there was such variance
and that appellants never signed any subscription paper for
stock in the corporation which was in fact incorporated, and
yet they are owners of such stock by virtue of receiving and
paying for the same. Another answer to appellants' objections
is that it would have been perfectly proper for appellants to
have informed themselves as to the contents of the articles of
incorporation when they received their stock, and they will cer-
tainly not be heard after six years to urge for the first time an
objection of the character made here in a suit by one who, no
doubt, credited the corporation on the faith of the appellants
being, as the books showed them to be, stockholders of the cor-
poration. (Thompson's Liability of Stockholders, secs. 150,
151, 152.) It seems to be admitted, or at least not denied, that
the five appellants who subscribed the articles of incorporation
are to be treated as stockholders in the amounts set out in such
articles.

No statute of limitations being pleaded in the answer, and
the complaint not showing on its face that the claim of plain-
tiff is barred by any statute, it is therefore not necessary to
further notice any objection based on the statute of limitations.

On the evidence presented the court properly found that
thirty-three and one-third dollars per share and no more had
been paid, and that sixty-six and two-thirds dollars per share
had not been paid, and was due and unpaid. It was also alleged
in the complaint, and not denied in the answer, that "upon the
shares owned by each of said defendants the sum of thirty-
three and one-third dollars per share and no more" had been
paid. Hence, appellants' contention that their stock was fully
paid for is not supported by the record.

Many of the minor points made by appellants are disposed of by the position we assume in holding the liability of appellants to arise out of the fact of their being stockholders and owners as shown by the record on appeal, and it will be unnecessary to notice such points in detail.

Appellants are mistaken in supposing that the stockholders are not liable for debts of the corporation until all the stock is subscribed. When one-fourth of the capital stock is subscribed their liability begins. (Civ. Code, sec. 331.)

The contention that an action will not lie against the stockholders personally, and that the remedy is by sale of the stock, is disposed of in *Baines v. Babcock,* 95 Cal. 582; 29 Am. St. Rep. 158.

The amount of plaintiff's recovery is expressly limited by the judgment to the amount found to be due from the stockholders.

As we have already seen, the record shows that appellants had paid thirty-three and one-third per cent of the par value of their stock. They cannot, therefore, be treated as holding their stock as a mere gratuity.

Plaintiff's right to recover does not depend upon, nor is it limited in any way by, the other debts of the corporation, and an accounting was entirely unnecessary. Neither was it necessary that all the stockholders should be made parties defendant. (*Hatch v. Dana,* 101 U. S. 205; *Baines v. Babcock, supra.*)

The testimony of Simonson shows that the directors had no meeting, and that no assessment was levied to pay plaintiff's claim. This action is not barred by the provisions of section 726 of the Code of Civil Procedure. (*Baines v. Babcock, supra; Blumberg v. Birch,* 99 Cal. 416; 37 Am. St. Rep. 67.)

The findings cover the material issues; the decision, therefore, is not against law. There was no irregularity in the trial judge making and signing the decision and decree in Stanislaus county. Until the decision and decree were filed by the clerk in Merced county they were not in force. (*Comstock etc. Co. v. Superior Court,* 57 Cal. 625.)

There was no material error in the rulings of the court on objections to the introduction of evidence.

The judgment and order are affirmed.