[L. A. No. 1580.  In Bank.—April 2, 1907.]

## JAMES A. BLOOD, Sr., Respondent, v. LA SERENA LAND AND WATER COMPANY et al., Appellants.

NEW TRIAL—MOTION ON MINUTES OF COURT — SUBMISSION WITHOUT ARGUMENT—REVIEW ON APPEAL FROM ORDER AND JUDGMENT—STATEMENT OF CASE.—Where the record on appeal from an order, denying a new trial shows that. the statement, which contained no copy of the notice of intention to move for a new trial, was settled and filed subsequent to the date on which the order was made, it must be inferred that the motion for a new trial was made on the minutes of the court; and under section 661 of the Code of Civil Procedure, the appellate court, on an appeal from such order, can review only the matters presented and argued to the lower court in support of the motion.  And where the record affirmatively shows that the motion was submitted without argument it cannot be presumed that any of the grounds of the motion were argued, and the order of the trial court in denying the motion cannot be reviewed, and must be sustained without an examination of the evidence.  Such statement may, however, be used on appeals from the judgment taken within sixty days after its rendition, for the purpose of determining the sufficiency of the evidence to support the findings.

CORPORATION — UNPAID SUBSCRIPTIONS — SUIT BY CREDITORS. — A court of equity, at the instance of a creditor or creditors of an insolvent corporation, has jurisdiction to compel its stockholders to pay their subscriptions in order to satisfy the corporate debts.

ID.—CREDITOR AS STOCKHOLDER—SET-OFF—RATABLE CONTRIBUTION. — A creditor of a corporation who is himself a stockholder, and indebted to the corporation for unpaid subscriptions, may maintain an action against other stockholders to enforce their liability on their subscriptions, and cannot be compelled to set off his liability on his own subscription against the indebtedness of the corporation due him. In such an action the plaintiff stockholder must contribute ratably with' the defendant stockholders towards the liquidation of his demand against the corporation.

ID.—LIABILITY OF STOCKHOLDERS—JOINDER OF PARTIES—EXTENT OF RECOVERY.—The liability of the stockholders for unpaid subscriptions is several, and in a suit by a creditor of the corporation to enforce such subscriptions, it is not necessary to join all of the stockholders, and the creditor is not limited in his recovery to the amount represented by the proportion which the defendants' unpaid subscriptions bears to all unpaid subscriptions.  The creditor may sue any one stockholder and recover from him his total debt, provided it does not exceed the amount of the defendant's liability for subscriptions.  No different rule applies when the plaintiff himself is a stockholder.

ID.—BRINGING IN OTHER STOCKHOLDERS.—In an action by a creditor stockholder against some of the stockholders of a corporation to enforce their liability for unpaid subscriptions, if the presence of the other stockholders was necessary to a complete adjudication of the rights of the parties, and a determination of the amount ultimately due from each, the defendants should have taken steps to have had such other stockholders brought in.

APPEALS from a judgment of the Superior Court of Santa Barbara County and from an order refusing a new trial. Felix W. Ewing, Judge presiding.

The facts are stated in the opinion of the court.

Richards & Carrier, Booth & Bartnett, W. J. Bartnett, and Gray & Cooper, for Appellants.

W. S. Day, for Respondent.

SLOSS, J.—The plaintiff, a judgment creditor of La Serena Land and Water Company, a corporation, brought this action against the corporation and certain holders of its capital stock to recover from the individual defendants the unpaid subscriptions on their stock and to apply the same in satisfaction of his judgment. The plaintiff had brought an action against the corporation to foreclose a mortgage, and obtained a decree of foreclosure. (See *Blood* v. *La Serena L. and W. Co.*, 113 Cal. 221, [41 Pac. 1017, 45 Pac. 252]; s. c., 134 Cal. 361, [66 Pac. 317].) The mortgaged property sold for an amount less than was due on the mortgage, resulting in the docketing of a deficiency judgment against the corporation for $22,105.97.

The present action was dismissed as to the defendant Wells. The court found that the defendant McDuffie had, prior to the commencement of the suit, assigned his stock to the plaintiff. Judgment went against the corporation and the remaining four defendants, James L. and Martha S. Barker, James W. Orr, and R. W. Evans. Said defendants moved for a new trial, which was denied, and now appeal from the order denying their motions and from the judgment.

The only ground urged in support of the appeals from the order denying the new trial is the insufficiency of the evidence

to sustain certain findings. The respondent contends that there is no sufficient record on which to review the action of the lower court in refusing a new trial. This contention, we think, must be sustained. The transcript contains merely (in addition to the judgment-roll) a statement of the case and the order of the court denying the motions. The statement, which contains no copy of the notices of intention to move for a new trial, was settled March 12, 1904, and filed March 14, 1904. The order denying the motions for a new trial was made and entered February 5, 1904,—more than a month before the settlement or the filing of the statement. It is obvious, therefore, that the motions for new trial must have been made on the minutes of the court, since such motions, if made upon affidavits, upon a bill of exceptions, or upon a statement of the case, cannot be heard until "after the affidavits, bill of exceptions, or statement, as the case may be, are filed." (Code Civ. Proc., sec. 660.)

Where the motion is made on the minutes of the court, the record on appeal consists of the judgment-roll, "and a statement to be subsequently prepared, with a copy of the order." (Code Civ. Proc., sec. 661.) The same section provides that in cases of such motions "the statement shall only contain the grounds argued before the court for a new trial, and so much of the evidence or other matter as shall be necessary to explain them; and it shall be the duty of the judge to exclude all other evidence or matter from the statement." The evident intent of this provision is that where there is an appeal from an order granting or denying a motion for new trial made on the minutes of the court, the review by the appellate court shall extend only to the matters presented and argued to the lower court in support of the motion. Other grounds are not to be regarded as justifying or requiring the granting of such motion. And there is good reason for this limitation. Where a party moves for a new trial without having first prepared and presented a record, whether by way of affidavits, bill of exceptions, or statement, it is only fair to the court which is asked to grant a new trial upon its recollection of the proceedings, that its attention be specifically directed to the matters in which error is claimed to have been committed. But whether the provision of section 661 is founded in good reason or bad, its language is clear and unambiguous. The

statement is to contain only the grounds argued before the court for a new trial, and so much of the evidence or other matter as may be necessary to explain those grounds. (*Leonard* v. *Shaw*, 114 Cal. 69, [45 Pac. 1012].) Everything else is to be excluded from the statement. If other matter should happen to be incorporated, it is surplusage, and must be disregarded. It follows that, where a motion for new trial, made on the minutes of the court, is submitted without any ground being argued, and is denied, there is nothing which can properly be incorporated in a statement, and nothing on which the appellate court can base a review of the order made. It is true that where specifications of error, or of insufficiency of evidence are set out in the statement, it will be presumed that they were in fact argued. (*Schneider* v. *Market-Street Ry. Co.*, 134 Cal. 482, [66 Pac. 734]; *Roberts* v. *Hall*, 147 Cal. 434, [82 Pac. 66].) But no such presumption can be indulged where the record affirmatively shows that the fact is otherwise. In the present case the order denying the motions for new trial (which is, under section 661 of the Code of Civil Procedure, a part of the record on appeal) recites that the motions were submitted "without argument." In the face of this, we cannot presume that any of the grounds were argued. The statement, therefore, could not properly contain any ground of motion for new trial, nor any evidence applicable to any ground. There is nothing before the court on which to review the ruling of the trial court in denying the motion, and its order must be sustained without an examination of the evidence.

Being limited, therefore, to a consideration of the appeals from the judgment, we are to determine whether the findings made by the court support the judgment. The essential facts found are the following: The corporation was organized in 1887 with a capital stock of three hundred shares of the par value of five hundred dollars per share. Of this number two hundred and ten shares were subscribed and outstanding. On these it is found that only fifty per cent of the subscription price had been paid. At the time of the commencement of the action plaintiff was the owner of one hundred and thirty shares, on which there is due for unpaid subscriptions thirty-two thousand five hundred dollars, and the four individual defendants against whom judgment went were the owners of

forty-two shares, on which there is due for unpaid subscriptions ten thousand five hundred dollars. The remaining thirty-eight shares were held by parties not before the court. The findings show the judgment against the corporation above referred to, and declare that said corporation ever since the date of the judgment against it has been insolvent, and that it had no assets other than the property sold under foreclosure and the unpaid subscriptions of its stockholders. As conclusion of law the court found "that the plaintiff, being himself a debtor of said corporation, should contribute ratably with the defendants James L. Barker, Martha S. Barker, James W. Orr, and R. W. Evans toward the discharge of his said demand against said corporation; and the defendants James L. Barker, James W. Orr, Martha S. Barker and R. W. Evans must each contribute proportionately with the plaintiff toward the discharge of the plaintiff's demand against the corporation." Judgment was entered against the corporation and the said individual defendants in accordance with said conclusion of law.

The jurisdiction of a court of equity, at the instance of a creditor or creditors of an insolvent corporation, to compel its stockholders to pay their subscriptions in order to satisfy the corporate debts, is well established. (*Harmon* v. *Page,* 62 Cal. 448; *Baines* v. *Babcock,* 95 Cal. 581, [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776]; *Walter* v. *Merced Academy Assn.,* 126 Cal. 582, [59 Pac. 126]; *Welch* v. *Sargent,* 127 Cal. 72, [59 Pac. 319].)

The only question in this case is how far the plaintiff's right of recovery is affected by the fact that he himself is a stockholder of the corporation, and is indebted to it for unpaid subscriptions. It is contended by the appellants that inasmuch as plaintiff's liability for unpaid subscriptions exceeded the amount of his claim against the corporation, such liability should be set off against his claim and no recovery be allowed at all. But this position, we think, cannot be sustained. While the corporation is a party defendant to the suit, it is not an indispensable party (*Potter* v. *Dear,* 95 Cal. 578, [30 Pac. 777]), and the action is primarily against the defendant stockholders to recover from them amounts due the corporation which are properly applicable to the payment of the debts of the corporation. Such individual

defendants do not stand in the position of the corporation itself, and should not be permitted to set off against their indebtedness claims due from the plaintiff to the corporation. It has been held in other jurisdictions that a creditor of a corporation who is himself a stockholder, and therefore liable for unpaid subscriptions, may, without fully paying his own subscription, maintain an action against other delinquent stockholders to enforce payment of a judgment obtained by him against the corporation. (*Bissit* v. *Kentucky River Navigation Co.,* 15 Fed. 353; *Wilson* v. *Kiesel,* 9 Utah, 397, [35 Pac. 488].) No decision to the contrary has been called to our attention, and we think these cases declare the proper rule. The plaintiff as a creditor is entitled to look for the satisfaction of his debt to the fund composed of the unpaid subscriptions of the stockholders. As a stockholder owing a subscription he is bound to apply this subscription toward the satisfaction of the debts of the corporation. But there is no reason why, merely because he unites in his own person the two characters of creditor and stockholder, he should, as stockholder, be compelled to bear the entire burden of satisfying his own claim, for which other stockholders are equally liable. The just and equitable rule appears to us to be that declared in *Bissit* v. *Kentucky River Navigation Co.,* 15 Fed. 353, and *Wilson* v. *Kiesel,* 9 Utah, 397, [35 Pac. 488],—i. e. that in such case the plaintiff stockholder must contribute ratably with the defendant stockholders toward the liquidation of his demand against the corporation. This was the principle applied by the trial court as enunciated in the conclusion of law above quoted. Under it the court ascertained the total amount of the plaintiff's claim, and apportioned the payment of that claim among the plaintiff and the defendants in proportion to the amounts respectively due from them for unpaid subscriptions.

It is contended by the appellants that if such rule of contribution be proper, it should only be applied as among all of the stockholders, not merely among those who are parties to the action; that the plaintiff is entitled to recover from the defendants, not the proportion which their unpaid subscriptions bear to the sum of his and theirs, but only the proportion which their unpaid subscriptions bear to the total unpaid subscriptions owed by all stockholders of the corpora-

tion. We think, however, that this view is inconsistent with the rule declared in *Baines* v. *Babcock,* 95 Cal. 581, [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776], and the cases following it. In *Baines* v. *Babcock* it was held, following the decision in *Hatch* v. *Dana,* 101 U. S. 205, that in a suit to enforce the payment of such subscriptions it is not necessary to join all of the stockholders. The following language from the opinion in *Hatch* v. *Dana* was quoted: "The liability of a stockholder for the capital stock of a company is several and not joint. By his subscription each becomes a several debtor to the company, as much so as if he had given his promissory note for the amount of his subscription. At law, certainly, his subscription may be enforced against him without joinder of other subscribers. And in equity his liability does not cease to be several." The same rule was applied in *Walter* v. *Merced Academy Assn.,* 126 Cal. 582, [59 Pac. 136]. (See, also, *Welch* v. *Sargent,* 127 Cal. 72, 80, [59 Pac. 319].) Under these cases a creditor is not limited in his recovery to the amount represented by the proportion which the defendants' unpaid subscription bears to all unpaid subscriptions. He may sue any one stockholder and recover from him his total debt, provided it does not exceed the amount of the defendants' liability for subscription. We cannot see why a different rule should be applied when the plaintiff himself is a stockholder. The fact that he himself is indebted for unpaid subscriptions merely furnishes a reason for equitably adjusting the liabilities of the parties before the court. The purpose of the action is not to wind up the affairs of the corporation and adjust the rights of all the stockholders. (*Hatch* v. *Dana,* 101 U. S. 205.) It is merely to subject to the payment of the plaintiff's demand the amount owed to the corporation by the defendants before the court. As between them and the plaintiff it appears that there are equities which require the plaintiff to meet the payment of a portion of his demand. The argument that it is unjust to compel the defendants to pay an amount which might have been recovered from other stockholders if they had been made parties, applies with equal force to the case where the plaintiff is a stranger to the corporation as where he is himself a stockholder. The liability of the defendants being several, the court properly adjusted the equities as between the parties before it.

It may be observed further that the defendants made no motion to have the remaining stockholders brought in. On the face of plaintiff's complaint it did not appear that he was a stockholder. He brought his action against certain stockholders as, under the doctrine of *Baines* v. *Babcock,* and similar cases, he had a right to do. The defendants set up, by way of defense, the fact that he as a stockholder was also indebted to the corporation. If the presence of the other stockholders was necessary to a complete adjudication of the rights of the parties, and a determination of the amount ultimately due from each, the defendants should have taken steps to have had such other stockholders brought in. (*Hatch* v. *Dana,* 101 U. S. 205.)

The judgment and order appealed from are affirmed.

Angellotti, J., Shaw, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.

A petition for a rehearing having been filed, the following opinion was rendered thereon on May 2, 1907:—

THE COURT.—In their petition for rehearing, the appellants urge that the statement on motion for new trial may be considered by this court on the appeals from the judgment, even though such statement cannot be resorted to for the purpose of reviewing the orders denying a new trial. (Code Civ. Proc., sec. 950; *Wall* v. *Mines,* 126 Cal. 136, [60 Pac. 682]; *Kelly* v. *Ning Yung Assn.,* 138 Cal. 602, [72 Pac. 148]; *Vinson* v. *Los Angeles Pac. R. R. Co.,* 141 Cal. 151, [74 Pac. 757].) Some of these appeals from the judgment were taken within sixty days after the rendition of the judgment, and, as to them, the statement may be used for the purpose of determining the sufficiency of the evidence. (Code Civ. Proc., sec. 939; *Pease* v. *Fink,* 3 Cal. App. 371, [85 Pac. 657].)

Recognizing the soundness of this position of the appellants, which was not advanced when the appeals were submitted, we have carefully examined the evidence shown in the statement. This examination satisfies us that the findings complained of are fully supported by the evidence. In view of this conclusion, there is no good reason for further considering the case, and the petition for rehearing is denied.