[L. A. No. 2550. Department One.—June 22, 1910.]

FRANCISCO ESTUDILLO et al., Appellants, v. SECURITY LOAN AND TRUST COMPANY OF SOUTHERN CALIFORNIA et al., Respondents.

PRACTICE—DISQUALIFICATION OF JUDGE—CALLING IN JUDGE FROM ANOTHER COUNTY—SIGNING FINDINGS OUTSIDE COUNTY OF VENUE—JUDGMENT.—Where by reason of the disqualification of the judge of the superior court of the county in which an action is pending, a judge of another county is called in and tries the case, it is not necessary to the validity of the judgment that the judge who tries the case should sign the findings and order for judgment within the territorial limits of the county in which the action was pending. A judgment entered by the clerk, in pursuance of findings and an order for judgment transmitted to him, which were signed by the trial judge outside of such county, is regular.

ID.—CHANGE OF VENUE—BIAS OF JUDGE—CONFLICTING AFFIDAVITS—APPEAL.—An order refusing a change of venue, requested on the ground of the alleged bias and prejudice of the trial judge, will not be reviewed on appeal, when the statements contained in the moving affidavits tending to show bias are fully met by counter affidavits. Under such circumstances, the finding of the trial judge, on the question of his own disqualification, is conclusive on appeal.

ID.—ERRONEOUS RULINGS NOT CONCLUSIVE OF BIAS.—The fact that the judge, during the course of the trial, made errors in ruling adversely

to the party seeking the change of venue, is not alone sufficient to show bias on his part.

ID.—NEW TRIAL—REFUSAL TO SETTLE STATEMENT—APPEAL FROM ORDER DENYING MOTION.—Error of the trial court in refusing to settle a proposed statement to be used on motion for a new trial cannot be taken advantage of by an appeal from the order denying the motion for new trial. The moving party's remedy is by proper proceedings to compel the settlement.

ID.—MOTION ON MINUTES OF COURT—NOTICE OF MOTION—SPECIFICATIONS OF PARTICULARS.—Where a motion for a new trial is made on the minutes of the court, the notice of the motion must specify the particulars in which the evidence is insufficient, if such insufficiency be a ground of motion, and must specify the particular errors of law upon which the moving party will rely; in the absence of such specifications, the question of the sufficiency of the evidence and errors of law will not be reviewed on appeal.

ID.—SETTING ASIDE JUDICIAL SALE FOR FRAUD—EQUITABLE ISSUES TRIABLE BY JUDGE—JURY TRIAL—FINDINGS FOR DEFENDANT.—An action to set aside a foreclosure sale for fraud, in which the answer denied the allegations of fraud, is one appealing to the equity side of the court, in which the plaintiff is not, of right, entitled to a jury trial. In such action, it is proper for the court, without a jury, to try the equitable issues involved in the question of fraud. Upon determining such issues in favor of the defendant, the plaintiff would not be entitled to any relief, regardless of any legal issues presented by the complaint. If the court in its findings also attempted to dispose of such legal issues, the error would be without prejudice.

APPEAL from certain orders of the Superior Court of Riverside County made after judgment. Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellants.

E. W. Freeman, and John G. North, for Respondents.

SLOSS, J.—A judgment in favor of defendants, entered upon the sustaining of their demurrer to the complaint, was reversed by this court. (*Estudillo* v. *Security L. & T. Co.,* 149 Cal. 556, [87 Pac. 19].) Upon the return of the cause to the lower court an answer was filed and a trial had, resulting in a second judgment for the defendants. The plaintiffs appeal from three orders made after this judgment.

The respondents make a preliminary objection to a consideration of the appeals on the ground of the alleged insufficiency of the record on appeal. An examination of this point is unnecessary, as we have reached the conclusion that the orders appealed from may be sustained on the merits.

The nature of the case is set forth, in substance, in our opinion on the former appeal. The action was pending in Riverside County. After the issues had been framed the plaintiffs employed, as one of their attorneys, a gentleman related to the judge of that county in such manner as to disqualify the latter. (Code Civ. Proc., sec. 170, subd. 2.) Said judge thereupon requested Hon. Frank F. Oster, judge of the superior court of San Bernardino County, to try the action. Judge Oster came to Riverside on February 5, 1907, called the case for trial, heard the testimony offered by the respective parties, and, after ordering the cause submitted on briefs to be filed, returned to his home in San Bernardino. On April 9, 1907, he signed, at San Bernardino, written findings of fact and conclusions of law, with an order that judgment be entered in accordance therewith. These papers he sent to the clerk of the superior court of Riverside County, with directions to file the same. The clerk followed such directions, and, on April 19, 1907, entered judgment in favor of defendants, in accordance with the conclusions of law. Judge Oster was not within the county of Riverside on the ninth day of April, when he signed the findings, nor on the nineteenth day of April, when judgment was entered.

Subsequently the plaintiffs moved to strike from the files the findings of fact and conclusions of law, and to vacate the judgment entered thereon. The motion was denied. One of the appeals now before us is an appeal from this order denying the motion to vacate the judgment. (There appears to be no appeal from that part of the order refusing to strike the findings and conclusions from the files.)

The argument in support of this appeal is that the rendition of judgment is a judicial act; that such judgment must be rendered by a court, and not by a judge acting out of court, and more particularly outside of the territorial jurisdiction for which the court is organized. It would be of little avail to analyze these propositions, or to undertake to decide, as an original question, how far they are applicable to the facts

before us. This court has, on two occasions, upheld the validity of judgments ordered and entered under circumstances precisely like those here presented. In *Comstock Q. M. Co.* v. *Superior Court,* 57 Cal. 625, a judge of the superior court of Monterey County, having been called in by a disqualified judge to hear and determine an action pending in the superior court of Santa Cruz County, heard the cause in said Santa Cruz County. He then returned to his own county of Monterey, and there prepared and signed findings of fact and conclusions of law, and ordered judgment to be entered thereon against the defendant. Said findings and order were transmitted to the clerk of the superior court of Santa Cruz County, who filed them and entered judgment accordingly. On defendant's application to this court for a writ of *certiorari* to review and annul the judgment, the court said: "The jurisdiction of the court to hear and determine the case is not doubted, but it is claimed that the hearing and determination should have been in the county in which the action was pending. This may and must be conceded, we think, but the cause was not determined until the findings and order for judgment were filed with the clerk of the superior court of Santa Cruz County. It was not the signing but filing of the findings and order for judgment that determined the action. We are quite confident that there is no law that requires a judge to deliberate upon a case or to prepare his findings and order for judgment in the county in which the cause is pending. If there is not, it follows that the proceedings of the court below should be affirmed." In *Walter* v. *Merced Academy Assoc.,* 126 Cal. 582, [59 Pac. 136], there was an appeal from a judgment entered under conditions identical with those existing in the Comstock case and here. The judgment was affirmed, the court saying that "there was no irregularity in the trial judge making and signing the decision and decree in Stanislaus County. Until the decision and decree were filed by the clerk in Merced County they were not in force."

In the first of these cases it was held that a judgment like the one here under consideration was not void as being without or beyond the jurisdiction of the court in which the action was pending. In the second, the holding was that the judgment was not even erroneous or irregular, and could not be successfully assailed on direct appeal. It follows that the trial court

did not err in refusing to vacate the judgment in the case at bar.

Another of the appeals is from an order refusing a change of venue. The motion to this end was made after the trial and judgment, and pending proceedings on motion for a new trial. It was based upon the alleged bias and prejudice of Judge Oster. We do not deem it necessary to set forth the averments of the affidavits upon which plaintiffs relied to support this motion. If they contained any statements tending to show bias on the part of the judge, these statements were fully met by counter affidavits. The finding of the trial judge on conflicting affidavits is conclusive on appeal, even though the question in controversy be the disqualification of the judge himself. (*Swan* v. *Talbot,* 152 Cal. 142, [94 Pac. 238].) The uncontradicted matter consisted merely of a recital of the proceedings prior to and during the trial, in the course of which Judge Oster made a number of rulings adversely to the plaintiff's contentions. We are not prepared to concede that all or any of these rulings were erroneous. But if it be assumed that in each of them the trial court committed error, that fact alone would not be sufficient to show bias on his part. The record is devoid of the slightest indication that Judge Oster had any relations, outside of the trial, with any of the parties, that he entertained any feelings of hostility or friendship toward any of them, or that he had, except in the course of orderly judicial procedure, given utterance to any expressions concerning the merits of the case. The showing was entirely insufficient to require the granting of the motion.

The third appeal is from the order denying a new trial. It appears from the bill of exceptions (which was apparently intended to set forth all the proceedings subsequent to judgment in the court below), that the plaintiffs prepared a proposed statement to be used on motion for new trial, and that the trial court, sustaining the objection of the defendants, refused to settle the statement. The appellants argue that this was error. But if it was, the remedy obviously is by proper proceedings to compel the settlement, not by appeal from the order denying the motion for new trial.

The notice of intention to move for a new trial stated that the motion would be made "upon a statement of the case, upon the minutes of the court, upon the pleadings and papers filed

in said cause, and upon affidavits hereafter to be prepared and filed." If the motion, notwithstanding the attempt to prepare a statement in advance, be regarded as made on the minutes of the court, the bill of exceptions may, perhaps, be treated as a statement "subsequently prepared," as provided by section 661 of the Code of Civil Procedure. But where the motion is on the minutes of the court, the notice of motion must specify the particulars in which the evidence is insufficient, if such insufficiency be a ground of motion, and must specify the particular errors of law upon which the moving party will rely. (Code Civ. Proc., sec. 659, subd. 4.) The notice given by the plaintiffs here contained no specification of insufficiency of evidence. The only error of law assigned in the notice was the refusal of the court to grant plaintiff's demand for a trial by jury. The complaint sought to set aside a foreclosure sale for fraud. The answer denied the allegations of fraud. At the trial the court announced that both legal and equitable issues were involved, and denied the demand for a jury trial so far as the equitable issues were concerned, declaring, at the same time, that the denial was without prejudice to the right of plaintiffs to have a trial by jury of the legal issues, if there appeared to be any occasion for a trial of such issues after decision of the equitable issues. It then proceeded to try, without a jury, the issues of fraud raised by the pleadings, and found in favor of defendants on these issues. We see no error in this. It is not disputed that an attack upon judicial proceedings for fraud presents a case appealing to the equity side of the court. Such case is not one which the parties are, of right, entitled to have tried by a jury. Where an action involves both legal and equitable issues, "the former are ordinarily triable by the court and the latter by the jury." (24 Cyc. 113.) The court below proceeded in accordance with this rule.

The record does not sustain the contention that the court, in making its findings, disposed of legal issues. A reading of the findings, in connection with the pleadings, the conclusions of law, and the decree, shows clearly that the court undertook to dispose of the equitable issues alone. But if there were findings on other issues, the error, assuming it to have been one that could be raised on the specifications of the notice, was not prejudicial. The plaintiffs, having failed to establish their

equitable grounds for setting the sale aside, were not entitled to any relief, and judgment in favor of the defendants necessarily followed, regardless of any legal issues presented. The motion for new trial was, therefore, properly denied.

The orders appealed from are affirmed.

Angellotti, J., concurred.

SHAW, J., concurring.

I concur. I think, however, that the opinion in *Comstock* v. *Superior Court*, 57 Cal. 620, evades the main point of the proposition involved in the case, and that it would be difficult to meet the objection on logical grounds. The objection to a judgment entered by the clerk upon findings prepared and signed by the judge of another county, while absent from the county in which it is entered, and by him sent by mail to such clerk without such judge being in bodily presence in that county is not that such judge has deliberated upon the case, has prepared and signed his findings and his order for judgment, while absent from the county, for all this could undoubtedly be done anywhere without affecting the validity of the judgment, if the judgment was afterwards lawfully rendered in the county in which the court has its *situs*. The objection is that there can be no court unless there is a judge, that there is no court present in the county when such judgment is rendered, that there can be no judgment rendered where there is no court to render it, and that, in effect, the decision in that case holds that a valid judgment, in a case where evidence has been received by a judge, may be given by the clerk, who is not invested with judicial power. But, inasmuch as the question is largely technical and formal, as no mischiefs appear to have resulted from the rule, now established for nearly thirty years, and as the decision has been followed ever since, I deem it unnecessary and unwise to disturb or overrule it.

Hearing in Bank denied.