[Civ. No. 3126. First Appellate District, Division Two.—December 29, 1919.]

C. H. BARNARD, Respondent, v. H. W. McINTIRE, Appellant.

[1] CORPORATIONS—CONDITIONAL SUBSCRIPTIONS—WAIVER OF RIGHT TO RESCIND.—Where a subscriber to the capital stock of a corporation which has been granted a permit to sell its stock upon certain given conditions, among them being a condition that the subscriptions shall within a given time be subject to rescission by the subscriber, expressly waives the conditions contained in such permit and thereafter allows the time within which such subscription might be rescinded under the permit to lapse, the corporation cannot gratuitously afford him such right at the expense of a creditor of the corporation.

[2] ID.—UNPAID SUBSCRIPTIONS—LIABILITY TO CREDITORS.—Such subscriber, having waived all right to rescind and the corporation not having released him from his subscription, is liable for the unpaid balance due thereon to a creditor of the corporation.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

I. Henry Harris and Charles A. Bank for Appellant.

Manning, Thompson & Hoover for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment in favor of the plaintiff for $1,044.43. The action was an equitable one, to recover $2,688.35 upon an alleged unpaid subscription for stock, due from defendant to the America-Europa Film Company, against which company the plaintiff had recovered a deficiency judgment in an action to foreclose a chattel mortgage. The mortgage had been given by said corporation to secure the payment of a note for two thousand five hundred dollars, payable to the plaintiff. The appellant has argued in his briefs a number of questions of fact and has quoted evidence in support of his version of the testimony. But there was conflicting evidence upon the decisive questions of fact in the case, and appellant's argument upon the evidence merely raises the question of whether or not there is any substantial evidence contained in the record upon which certain findings of the trial court may be based. The question of the due execution of the note to the plaintiff, secured by chattel mortgage, the consideration therefor, and such matters we may dismiss very briefly. They are argued by appellant, but are not open to inquiry here, nor were they open to inquiry by the trial court. For, under the findings of the court that the plaintiff had recovered judgment in an action against the corporation based upon said note, and a deficiency judgment had been entered against said corporation after a sale of the personal property under the chattel mortgage, all matters relating to the validity of that obligation against the corporation became *res adjudicata*.

It was found by the trial court that on January 18, 1916, the defendant subscribed for four thousand five hundred shares of the stock of the America-Europa Film Company, and agreed to pay two thousand five hundred dollars therefor, and that the sum of $510 had been paid by said defendant upon said subscription, leaving a balance due of $1,990; that on the fourteenth day of January, plaintiff subscribed for two thousand five hundred shares of the stock of said corporation and agreed to pay therefor the sum of two thousand five hundred dollars, and that no part of said sum

has been paid.  There are other findings of fact which will be discussed hereinafter.  The trial court concluded that the plaintiff was entitled to a judgment against the defendant in an amount determined by the relative proportion which the respective amounts due from plaintiff and defendant to the corporation bore to the entire indebtedness sued upon. The court also allowed a reduction in the amount recovered from the defendant in the sum of $83.10, being four-ninths· of the value of the personal property sold under the chattel mortgage, and required the plaintiff to assign to the defendant a four-ninths interest in the balance of the judgment against the corporation after the application of the amount to be paid by the defendant and the amount to be off set against the plaintiff.  The propriety of this last portion of the judgment is not presented for our consideration here, as it is favorable to the appellant, who is, of course, not objecting, and the respondent apparently also consented thereto.

[1]  The trial court found that a permit to sell stock was issued to the corporation by the commissioner of corporations on November 6, 1916.  This permit is set out in the findings and provides that "each subscription for stock shall be upon the condition (which shall be therein recited) that unless *bona fide* subscriptions for not less than twelve thousand five hundred shares shall have been obtained from responsible subscribers on or before the fifteenth day of February, 1916, such subscription shall at any time within three months thereafter, be subject to rescission by said subscriber, and pending the securing of said subscriptions, not less than eighty per cent of each payment upon each subscription shall be paid by the subscriber to a depositary designated by said company and approved by said commissioner to be held as an escrow and disposed of as follows": Then follows a provision that the money shall be repaid to any subscriber who shall rescind in accordance with the conditions of the permit.  It was found that on January 14, 1916, one A. E. Ruddell entered into an agreement for the purchase of stock of the company, under the permit, and by said agreement expressly waived the conditions set forth in said permit as to the escrow of the purchase money and agreed that the same might be released at

once into the treasury of the company. On January 18, 1916, this Ruddell subscription agreement was taken over by the defendant by written agreement, and on said date defendant complied with said written agreement and purchased said stock and made, executed and delivered to the corporation his certain promissory notes, dated January 18, 1916, aggregating two thousand five hundred dollars. The court also found that the defendant did not repudiate his stock subscription prior to the commencement of this action; but this finding can add nothing to the strength of the plaintiff's case in view of the other findings mentioned that defendant's liability for stock arises by reason of his having "taken over" the Ruddell subscription agreement in which the right to repudiate the stock subscription had been waived. The record contains evidence upon which all of these findings can be based.

The further contention of the defendant that the corporation released him from his agreement to purchase stock is also answered by the findings of the trial court. The court found that no agreement of settlement or cancellation or rescission of said contract of subscription was made prior to the commencement of this action. The written instrument upon which the defendant bases this last contention appears in the findings of the court. It purports to be an agreement that the undersigned members of the board of directors "will pass a resolution releasing Mr. H. W. McIntire from the three notes (aggregating two thousand five hundred dollars) in our possession and make a new agreement with him, etc." The court found that this instrument was signed by certain directors in their individual capacity. There is nothing in the record to show that the resolution to be passed in the future was ever, in fact, passed by the directors of the corporation. It therefore becomes unnecessary for us to discuss the power of the directors to take such action. It does appear from the record that on October 23, 1916, a month after this action was begun, the corporation signed an agreement releasing the defendant from his notes given for the payment of his stock, and such agreement recited as a consideration therefor that the defendant had previously rescinded his said stock subscription and had advanced the sum of four hundred

dollars to the corporation, and that the corporation had agreed to release him from his subscription and from the payment of his notes given therefor. The court has found that said last-mentioned contract was not made in accordance with any other agreement of rescission between the parties. The instrument cannot be of importance here, however, for another reason. It was entered into after this action was begun, and since the defendant had lost both by express waiver and by the lapse of the time limited in the permit issued by the commissioner of corporation, the right to rescind his subscription, the corporation could not gratuitously afford him this right at the expense of a creditor of the corporation. He is not injured by reason of having advanced four hundred dollars to the corporation for its current expenses, as this amount and more was due upon his subscription and was credited by the court upon the same.

[2] The court having found upon substantial evidence that the defendant by written instrument appearing in the record waived all right to rescind his subscription; that he did not in fact attempt to rescind his subscription before the commencement of the action, which was after the time provided for in the permit under which his stock was sold to him, and, indeed, after the time limited in the amended permit, and that the corporation did not in fact release him from such subscription, it follows that he is liable for the unpaid balance due thereon to a creditor of the corporation. (*Blood* v. *La Serena Land Co.,* 150 Cal. 764, [89 Pac. 1090].)

The argument contained in the appellant's brief with reference to the injustice done to the defendant in permitting the plaintiff to rescind his stock subscription is inapplicable here, because the court has held the plaintiff to his contract of subscription. His obligation upon his stock subscription was found by the trial court, and the indebtedness to the corporation due from plaintiff on account of said subscription was applied *pro rata* to the satisfaction of the judgment held by him as a creditor of the corporation. The judgment seems not only correct in law, but in substantial accord with the equities of the parties. Both plaintiff and defendant are compelled to carry out their stock subscription agreements, and the losses which the business

venture suffered are borne by them equally in proportion to their holdings in the company.

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1920.

All the Justices concurred.