[S. F. No. 11774.   In Bank.—December 28, 1925.]

## UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF SAN MATEO et al., Respondents.

[1] NEW TRIAL—HOW GRANTED—ORDER OF COURT.—A new trial may lawfully be granted only by an order of court as distinguished from an order of a judge or an order at chambers.

[2] ID.—LAWFUL RENDITION OF ORDER—ESSENTIAL ELEMENTS.—Before there can be a lawful rendition of an order of court there must be an application therefor, by motion or otherwise, in a pending action or proceeding, addressed to a court having jurisdiction of the parties and the subject matter thereof, upon notice to the adverse party or the equivalent thereof (unless notice is waived), and a hearing thereon in open court (or at least an opportunity for such hearing), at which both parties are or have been accorded an opportunity to be present and to be heard; and in this action for damages for personal injuries, all of those elements were present in the matter of the granting of plaintiff's motion for a new trial.

[3] ID.—ESSENTIAL ANTECEDENT ELEMENTS—RENDITION OF ORDER—NECESSITY FOR FILING.—When all of the elements antecedent to an order granting a new trial have been duly performed and when the issue after a hearing duly had has been submitted to the court for its decision, the order of the court thereon may be rendered by the pronouncement thereof in open court or by the filing with the clerk in the action of a written order of court signed by the judge; and when the latter method is followed, the signing of the order by the judge does not constitute its rendition, neither does the act of sending it or mailing it to the clerk, but it is the filing of the written order which constitutes the rendition thereof.

---

1.  See 20 Cal. Jur. 189.
2.  See 18 Cal. Jur. 677.
3.  See 18 Cal. Jur. 662.

[4] Judgments—How Rendered—Signature of Papers in Another County.—Where an action has been duly tried and submitted to the court for decision, the judgment of the court therein may be rendered by the filing in the action of written findings of fact, conclusions of law, and judgment, authenticated by the signature of the trial judge, notwithstanding the act of signing the same was performed by the judge in another county than that in which the action was pending.

[5] New Trial—Signature of Order in Another County—Filing With Clerk—Valid Order of Court.—Where a motion for a new trial has been regularly noticed, heard, and submitted, the filing in the action, within the time limited by section 660 of the Code of Civil Procedure, of an order signed by the trial judge granting the new trial constitutes a lawful rendition of such order as an order of court, notwithstanding such order is signed by the judge while in a county other than that in which the action is pending, and is mailed to the clerk together with a letter requesting that said order be filed.

(1) 29 Cyc., p. 1028, n. 78 New.   (2) 29 Cyc., p. 1028, n. 78 New.   (3) 29 Cyc., p. 1028, n. 78 New.   (4) 34 C. J., p. 48, n. 83. (5) 29 Cyc., p. 1028, n. 78 New.

PROCEEDING in Prohibition to prevent the Superior Court of San Mateo County from proceeding with the trial of a civil action. John L. Hudner, Judge Presiding. Peremptory writ denied.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon, Ross & Ross and Ivores R. Dains for Petitioner.

Hugo D. Newhouse and Russell P. Tylor for Respondents.

MYERS, C. J.—This is an application for a writ of prohibition to restrain the respondents from proceeding with the trial of a civil action which purports to be pending before the respondent court. There is no dispute as to the facts. The sole controversy herein relates to the legal conclusions incident thereto. A trial was had in the respondent court of the action of G. L. Wilkinson, as Adm., etc., Plain-

4.   See 14 Cal. Jur. 912.
5.   See 20 Cal. Jur. 196.

tiff, v. United Railroads of San Francisco, a Corporation, Defendant, resulting in a verdict and judgment in favor of the defendant. Thereafter an order was made granting plaintiff's motion for a new trial, from which order the defendant prosecuted an appeal. After several hearings upon appeal both in the district court of appeal and in this court a decision and judgment was finally rendered by this court affirming the order granting the new trial (*Wilkinson* v. *United Railroads,* 195 Cal. 185 [232 Pac. 131]). Upon the going down of the *remittitur* the plaintiff in said action regularly moved the court to have the action again set for trial, which motion was opposed by the defendant therein, petitioner herein, upon the ground that the order which purported to grant the motion for a new trial was utterly void for the reason that it was not made in open court. After a hearing upon that motion and the objections thereto, the trial court announced that it would overrule the objections and would proceed to set the cause for retrial, and thereupon the defendant petitioned this court for a writ of prohibition to prohibit the trial court from taking any further proceedings in said action. The essential facts upon which this petition is predicated, may be outlined as follows: The trial of the action in the Superior Court in and for the County of San Mateo was had before Honorable John L. Hudner, Judge of the Superior Court in and for the County of San Benito, who presided therein upon the request of the resident judge of the superior court of San Mateo County. After the return of the verdict and rendition of judgment thereon in favor of the defendant, the plaintiff regularly and within due time moved for a new trial. This motion was argued and submitted in open court in San Mateo County before Judge Hudner, presiding as the judge of said court. The motion having been fully argued in open court was submitted for consideration and decision and Judge Hudner thereupon returned to his home in San Benito County. Thereafter and within the statutory time for deciding the motion, Judge Hudner, while in San Benito County, mailed to the clerk of the Superior Court in and for the County of San Mateo a written order granting plaintiff's motion for a new trial, signed by himself as judge of said court, together with a letter requesting that the said order be filed. The clerk thereupon and within the statutory

197 Cal.—44

time for the decision of said motion filed said order and entered in the minutes of the court a notation thereof as follows:

(Title of court and cause) "May 4, 1922. Present Hon. Jno. L. Hudner, Judge.

"The hearing on the motion for a new trial of the above-entitled cause having been heretofore submitted to the court for consideration and decision, and now the court having considered the same and being fully advised, renders the following decision:

" 'Motion for new trial granted.' Opinion filed."

"Recorded May 9, 1922."

This is the order from which the appeal was prosecuted which resulted in the affirmance thereof as hereinabove related.

It is the contention of the petitioner that an order granting a new trial is one which cannot be made by a judge at chambers, but can be made only by the court; that under the facts hereof *the court* failed to take any action upon the motion for a new trial and that the purported order granting the same not having been made in open court is utterly void and of no effect for any purpose, from which it follows that no validity could be imparted thereto by the decision of this court purporting to affirm the issue. In support of this contention petitioner relies chiefly upon the cases of *Shepherd* v. *Superior Court,* 54 Cal. App. 673 [202 Pac. 466], and *Finkle* v. *Superior Court,* 71 Cal. App. 97 [234 Pac. 432]. We are of the opinion that each of those cases was correctly decided upon the facts involved therein, but as to the points necessary to be decided and actually decided therein neither is authority for petitioner's contention herein. In the Shepherd case the power of the court to grant the motion under the limitations of section 660 of the Code of Civil Procedure expired at noon on Saturday, April 2d. Between 3 and 4 o'clock on the afternoon of that day, the trial judge telephoned from his residence to his courtroom clerk, who was then at his own home, to enter an order granting the motion for a new trial. This order was not entered by the clerk until the following Monday morning, April 5th. We agree with the conclusion of the court of appeal in that case that a new trial can be granted only by an order of court and that no such order was made

therein until after the power of the court to make it had expired by reason of the statutory limitation. In the Finkle case, the action had been tried in the superior court of San Bernardino County before the Honorable J. A. Smith, Judge of the superior court of Calaveras County, presiding therein. The motion for new trial having been duly made, argued, and submitted in the superior court for San Bernardino County, thereafter Judge Smith at Calaveras County signed a written order purporting to grant the new trial, on May 5th, which was the last day allowed by the statute for acting upon the motion. This order was mailed by Judge Smith to the county clerk of San Bernardino County, but was not received or filed by the latter until May 7th, which was two days after the power to grant the motion had expired. The court of appeal correctly held that the motion for new trial had not been granted within the time allowed by law and must be deemed to have been denied by force of the statute. [1] There is no question but that a new trial may lawfully be granted only by an order of court as distinguished from an order of a judge, or, as we say, an order "at chambers." It may perhaps be doubted that there is any fundamental distinction between these two, other than this: That an order of court may lawfully be made only upon notice, whereas an order at chambers may be made *ex parte*. [2] Without attempting to decide this question, it will be appropriate to consider what elements are essential to the lawful rendition of an order of court. It may be conceded that there must be an application therefor, by motion or otherwise, in a pending action or proceeding, addressed to a court having jurisdiction of the parties and the subject matter thereof, upon notice to the adverse party or the equivalent thereof (unless notice is waived), and a hearing thereon in open court (or at least an opportunity for such hearing), at which both parties are or have been accorded an opportunity to be present and to be heard. All of these elements were admittedly present in the matter of the granting of the motion for new trial herein. The action was pending in the respondent court which had jurisdiction of the parties and of the subject matter, the notice of intention to move for a new trial was duly and regularly served and filed within the time prescribed by law, the motion was brought on for hearing pursuant to due and sufficient notice thereof, the

hearing thereof was had in open court, both parties being present thereat, the merits of the motion were fully argued, *pro* and *con*, and the matter submitted to the court for its decision. It remains to consider what physical acts were necessary to be done in order to constitute the rendition of an order of court upon that motion under those circumstances. While petitioner's counsel have not said so in so many words, the conclusion is implicit in their argument that in order to render a lawful order of court granting or denying the motion for new trial under those circumstances it was necessary for the respondent judge to betake himself to the courtroom in which the hearing had been had and there mount the bench and formally and audibly pronounce an order granting the motion for a new trial, and that by no other method could such an order be lawfully rendered. We do not subscribe to this view. [3] We are of the opinion that, when all of the elements antecedent to such an order have been duly performed and when the issue after a hearing thereon duly had has been submitted to the court for its decision, the order of the court thereon may be rendered in either one of two ways: (1) By the pronouncement thereof in open court in the manner above suggested; or (2) by the filing with the clerk in the action of a written order of court signed by the judge. Of course, when the latter method is followed the signing of the order by the judge does not constitute its rendition, neither does the act of sending it or mailing it to the clerk. It is the filing of the written order authenticated by the signature of the judge which constitutes the rendition thereof. It follows that in the Finkle case, *supra*, the order purporting to grant the new trial was not rendered until after the power of the court to act thereon had expired. In the Shepherd case, *supra*, an order granting a new trial was never rendered. The matter still remained "in the breast of the court" when its power to act thereon expired by statutory limitation. [4] It has been an unbroken rule of decision in this state for nearly fifty years past, that where an action has been duly tried and submitted to the court for decision, the judgment of the court therein may be rendered by the filing in the action of written findings of fact, conclusions of law, and judgment, authenticated by the signature of the trial judge, notwithstanding the act of signing the same was

performed by the judge in another county than that in which the action was pending (*Comstock Q. M. Co.* v. *Superior Court,* 57 Cal. 625; *Walter* v. *Merced Academy Assn.,* 126 Cal. 582 [59 Pac. 136]; *Estudillo* v. *Security Loan etc. Co.,* 158 Cal. 66 [109 Pac. 884]; see, also, *In re Newman,* 75 Cal. 213, 221 [7 Am. St. Rep. 146, 16 Pac. 887]; *Baker* v. *Brickell,* 102 Cal. 620, 623 [36 Pac. 950]; *Powell* v. *Mohr,* 69 Cal. App. 639 [230 Pac. 27]; *Hamblin* v. *Superior Court,* 195 Cal. 364 [233 Pac. 337]). We perceive no distinction and no basis for a distinction in this behalf between the rendition of a judgment and the rendition of an order of court. The precise question here presented was involved in the case of *Martin* v. *Superior Court* (S. F. No. 11535), decided by us without opinion on March 9, 1925. That was an application for a writ of *certiorari* to review and annul an order of the superior court of the county of Mono purporting to grant a new trial of an action pending in that court. The order purporting to grant the new trial was signed by the trial judge while in the city and county of San Francisco and forwarded by mail to the clerk of the superior court of Mono County. It was filed by the latter within the time limited by Code of Civil Procedure, section 660, and the petitioner therein contended that it was void for the same reasons which are urged in behalf of the petitioner herein. [5] We were of the opinion that the filing in the action of the order signed by the trial judge granting the new trial constituted a lawful rendition of such order as an order of court, and for this reason we denied the application for the writ.

The conclusion which we have reached renders it unnecessary to give further consideration to respondents' contentions that petitioner should not be permitted to impeach the record upon this collateral attack; that the validity of the order being a matter involved in and which could have been litigated upon the appeal is *res adjudicata;* and that the petitioner had and still has a plain, speedy, and adequate remedy at law.

The alternative writ heretofore issued herein is discharged and the application for a peremptory writ denied.

Shenk, J., Waste, J., Lawlor, J., Seawell, J., Richards, J., and Lennon, J., concurred.